IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LOAFER RIM PROPERTIES, L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and STRAWBERRY HIGH LINE CANAL COMPANY, a Utah non-profit corporation,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING U.S.' MOTION TO DISMISS AND DENYING THE U.S.' MOTION TO STRIKE PARAGRAPHS 14, 15, AND EXHIBIT C FROM THE DECLARATION OF ROGER BRINKERHOFF**<br><br>Case No: 2:08 CV 798 DN<br><br>Magistrate Judge David Nuffer |

### Introduction

The court is considering a motion to dismiss[1] filed by Defendant United States of America (U.S.) seeking to completely adjudicate a quiet title claim brought by Plaintiff Loafer Rim Properties, L.C. (Loafer Rim). This case arises from the U.S.' claim to a 200-foot easement for the Strawberry Highline Canal (the Canal) on property located at approximately 1000 South 750 East in Salem, Utah (the Property).[2] Loafer Rim seeks to nullify the U.S.' claimed easement or confine it to a much smaller burden on the Property.[3] For the following reasons, the U.S.' motion is denied.

### Background Facts and Positions

In 1892, the first private owner of the Property, David R. Taylor was issued a patent by the U.S. pursuant to its authority under the Canal Act of 1890, reserving an easement to the U.S.

---

[1] Motion to Dismiss, docket no. 7, filed November 7, 2009.

[2] Plaintiff's Opposition to Motion to Dismiss (Opposition Memorandum) at *iv*, *x*, docket no. 29, filed January 14, 2009.

[3] Amended Complaint, docket no. 38, filed January 15, 2009.

"for ditches or canals constructed by the authority of the United States."[4] Around 1915 to 1918, the U.S. constructed the Canal, which runs through the north part of the Property.[5] The parties dispute the survey and boundary marking of the Canal easement.

The U.S. asserts that in 1914, Mr. Taylor, in a water rights application, recognized a 93-foot easement in favor of the U.S. along the north side of the Canal.[6] The U.S. also claims that during 1993 and 1994, the U.S. Department of the Interior, Bureau of Reclamation (the Bureau) conducted a survey of the U.S.' 200-foot easement along the Canal, and subsequently placed six-foot fence posts two feet into the ground as boundary markers along the Canal.[7] Brass-capped survey monuments were installed by the Bureau at the base of each fence post, and the message "SURVEY POINT CANAL ROW DO NOT DISTURB" was placed on the monuments.[8] The Bureau placed a total of five such monuments in the Harvest Ridge Subdivision.[9] The U.S. asserts also that in 2002, Lonn L. Buckley, Loafer Rim's predecessor-in-interest signed a "Right-of-Way and Easement Grant" with Questar Gas Company that contained a property description recognizing a 95-foot easement in favor of the U.S. on the south side of the Canal.[10]

Loafer Rim asserts the Property owners are unaware of any Bureau survey of the Property during 1993 and 1994.[11] Moreover, while the Bureau claims to have placed markers

---

[4] Memorandum in Support of Motion to Dismiss (Supporting Memorandum) at 2, docket no. 8, filed November 7, 2008; Declaration of Alan Christensen ¶ 7, Attachment 1 to Supporting Memorandum; Opposition Memorandum at *iv*.

[5] Opposition Memorandum at *iv*.

[6] Reply Memorandum in Support of Motion to Dismiss (Reply Memorandum) at 2, docket no. 42, filed February 9, 2009.

[7] Supporting Memorandum at 2.

[8] Declaration of Alan Christensen ¶ 4.

[9] Supporting Memorandum at 2.

[10] Reply Memorandum at 3.

[11] Opposition Memorandum at *vi*.

2

and fence posts along the Property, Loafer Rim says property owners and others who traversed the Property never observed any survey markers or fence posts prior to 2004.[12]

In 2004, prior to purchasing the Property, Loafer Rim hired J.U.B. Engineers, Surveyors and Planners (J.U.B.) to conduct a survey.[13] An agent of J.U.B., Jason Willes, conducted the survey of the Property.[14] Mr. Willes noted the existence of several T-Posts that were not located near existing fence lines, and found silver-capped survey markers at the base of the posts.[15] Mr. Willes observed that the markers appeared recently set, and were inserted nearly flush to the ground.[16] Mr. Willes also noted that he had to remove surrounding vegetation to fully expose the markers, and, but-for the T-Posts, Mr. Willes likely would not have discovered the markers.[17]

Thereafter, Mr. Willes reviewed the chain-of-title documents pertaining to the Property, and was not able to locate any documentation indicating U.S. ownership in the Property.[18] Mr. Willes then contacted and met with Alan Christensen at the Bureau to inquire about the U.S.' interest in the Property.[19] Mr. Willes asked Mr. Christensen if he was aware of any documentation regarding the U.S.' stated interest in a 200-foot easement on the Property.[20] According to Mr. Willes, Mr. Christensen told him he would research the question of documentation, but Mr. Christensen never reported his findings to Mr. Willes.[21]

---

[12] *Id.* at *v-vii*.

[13] *Id.* at *vii*.

[14] *Id.* at *vii*.

[15] Declaration of Jason D. Willes ¶¶ 5-6, docket no. 36, filed January 14, 2009.

[16] *Id.* ¶¶ 6-7.

[17] *Id.* ¶ 6.

[18] *Id.* ¶¶ 4, 10.

[19] *Id.* ¶ 10.

[20] *Id.*

[21] *Id.* ¶¶ 19-11.

In early 2005, Mr. Willes prepared a Record of Survey for the Property.[22] After learning of J.U.B.'s findings during the survey, William Young, a member-manager of Loafer Rim, found and removed the T-posts from the Property.[23]

On November 29, 2005, the U.S. recorded a "Notice of Right-of-Way" in the Utah County Recorder's Office asserting, or "reasserting,"[24] a 200-foot easement along the canal.[25] This case was filed October 15, 2008.[26]

## Discussion

The U.S. filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[27] After Loafer Rim filed its response, the U.S. filed a motion to strike Paragraphs 14, 15, and Exhibit C to the Declaration of Roger Brinkerhoff filed by Loafer Rim.[28]

After the U.S. filed its motion to dismiss, Loafer Rim filed an amended complaint naming the U.S. as a party, and pleading the Quiet Title Act (QTA).[29] The court also granted Loafer Rim's motion to dismiss Loafer Rim's second cause of action without prejudice.[30] This order will therefore address the issues raised in the current motions in light of these later developments.

The issue remaining after this refinement of issues is whether this action should be dismissed "because LRP has failed to file an action under the QTA within twelve years from the date that the United States provided constructive notice that it claimed a 200-foot easement along

---

[22] *Id.* ¶ 12, at attached Exhibit C.

[23] Declaration of William Young, ¶¶ 2, 16-17, docket no. 37, filed January 14, 2009.

[24] Supporting Memorandum at 3.

[25] Opposition Memorandum at *x*.

[26] Complaint, docket no. 2, filed October 15, 2008.

[27] Motion to Dismiss, docket no. 7, November 7, 2009.

[28] Motion to Strike, docket no. 43, filed February 9, 2009.

[29] Amended Complaint, docket no. 38, filed January 15, 2009.

[30] Order Dismissing Second Cause of Action Without Prejudice, docket no. 26, filed January 5, 2009.

4

the portion of the Strawberry Highline Canal that runs through LRP's property."[31] As will be seen, this issue of notice is intertwined with the facts decisive of the quiet title action.

*Standards for Review*

Under Rule 12(b)(1),[32] federal courts do not presume jurisdiction, and the party asserting federal jurisdiction bears the burden of proof.[33] Motions to dismiss for lack of subject matter jurisdiction may take the form of a "facial attack on the complaint's allegations,"[34] or "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[35] Courts reviewing factual challenges to subject matter jurisdiction may not presume the correctness of the complaint's factual allegations, and courts have "wide discretion" to permit affidavits and other documents to resolve a jurisdictional dispute.[36] When a question of jurisdiction "is intertwined with the merits of the case," a court must convert a Rule 12(b)(1) motion to dismiss into a 12(b)(6) motion or a Rule 56 summary judgment motion.[37] The jurisdictional question is intertwined with the merits when "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."[38]

---

[31] Motion to Dismiss at 2.

[32] Fed. R. Civ. P. 12(b)(1).

[33] *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir.1999)(citing *Penteco Corp. Ltd. Partnership—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991)).

[34] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)(citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[35] *Holt,* 46 F.3d at 1002 (citing *Ohio Nat'l Life Ins. Co.* at 325.

[36] *Holt,* 46 F.3d at 1002 (citing *Ohio Nat'l Life Ins. Co.* at 325.

[37] *Holt*, 46 F.3d at 1003. *See also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (finding that the district court in resolving a challenge to the factual basis for subject matter jurisdiction, "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists.").

[38] *Paper, Allied-Indus., Chemical & Energy Workers Int'l Union v. Cont'l Carbon Co.* 428 F.3d 1285, 1292 (10th Cir. 2005); *see also Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987)).

The U.S. contends that there is no overlap between Loafer Rim's cause of action and the jurisdictional question because resolving the jurisdictional issue requires determining whether Loafer Rim's predecessors-in-interest were on notice of the U.S. claim, while resolving Loafer Rim's cause of action requires showing that a 200-foot easement is unnecessary to operate and maintain the canal.[39]  The court sees it differently.

The question of whether the plaintiff or its predecessors-in-interest "knew or should have known" of the claim of the U.S., the jurisdictional test under the Quiet Title Act,[40] requires findings of fact regarding the presence and sufficiency of the U.S.' fence posts and survey markers as well as Plaintiff's notice of those markers.[41]  These factual inquiries are also the substance of the U.S.' claim to a 200-foot easement.  Thus, the U.S.'s 12(b)(1) motion to dismiss should be converted into a motion for summary judgment.

Summary judgment is properly granted under Rule 56(c) when there is "no genuine issue of material fact."[42]  A fact is material if it "might affect the outcome of the suit."[43]  The nonmoving party must produce "specific facts"[44] that show more than "some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"[45]  Conversely, the moving party "should prevail only if the material jurisdictional facts are not in dispute and the

---

[39] Reply Memorandum at 8-9.

[40] 28 U.S.C. § 2409a(g).

[41] *See* Supporting Memorandum at 2-3, docket no. 8, filed November 7, 2008; Opposition Memorandum at *v-vii*; *see also* Poverty Flats Land & Cattle Co. v. United States, 788 F.2d 676, 678 (10th Cir. 1986) (stating the trial court's determination of when the plaintiff or its predecessors-in-interest "knew or should have known of the claim of the United States . . . . was the specific finding required to resolve the jurisdictional issue and in reality is a finding of fact significant on other issues as well.").

[42] Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

[43] Anderson, 477 U.S. 248.

[44] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[45] Scott, 550 U.S. at 380 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986)).

6

moving party is entitled to prevail as a matter of law."[46] This decision finds genuine issues of material fact exist as to when the statute of limitations began to accrue and these issues prevent entry of summary judgment.

*Statute of Limitations - Subject Matter Jurisdiction*

The Quiet Title Act[47] is "the exclusive means by which adverse claimants can challenge the United States' title to real property."[48] Under the Quiet Title Act, a quiet title action against the U.S. is "barred unless it is commenced within twelve years of the date upon which it accrued."[49] The expiration of the twelve-year statute of limitations deprives federal courts of "jurisdiction to inquire into the merits" of a quite title action.[50] The test for accrual is whether "the plaintiff or his predecessor in interest knew or should have known of the claim of the United States."[51]

## Claim

First, the parties dispute whether the U.S. had a "claim" for purposes of accrual under the Quiet Title Act. The U.S.' "claim" under the accrual test need not amount to full legal title;[52] however, the claim must constitute a "cloud on title."[53] The parties do not dispute that Mr. Taylor, the first private owner of the property, was issued a patent by the U.S. pursuant to its authority under the Canal Act of 1890, reserving an easement to the U.S. "for ditches or canals

---

[46] *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768.

[47] 28 U.S.C. § 2409a.

[48] *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983).

[49] 28 U.S.C. § 2409a(g).

[50] *Block*, 461 U.S. at 292.

[51] 28 U.S.C. § 2409a(g).

[52] *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 769.

[53] *Mille Lacs Band of Chippewa Indians v. Minnesota*, 853 F. Supp. 1118, 1144 (D. Minn. 1994), *aff'd*, 124 F.3d 904 (8th Cir. 1997), *aff'd*, 526 U.S. 172 (1999).

constructed by the authority of the United States."[54] The parties also do not dispute that around 1915 to 1918, the U.S. constructed the Canal which runs through the Property.[55] While Loafer Rim correctly points out that nothing in the original 1892 patent from the U.S. indicates a 200-foot easement,[56] identifying the precise dimension of the U.S. claim is not a requirement.[57] So the undisputed issuance of a patent reserving an easement to the U.S. for canals, along with the subsequent construction of the Canal through the Property, is sufficient to constitute a "cloud on title."

## Notice

Second, the parties dispute whether Loafer Rim or its predecessors-in-interest knew or should have known of the claim of the U.S. of a 200-foot easement. To resolve this dispute, it is necessary for a court to engage in a sufficiency-of-notice inquiry to determine whether there was a "reasonable awareness" on the part of the plaintiff or his predecessors-in-interest "that the government claim[ed] some interest adverse to the plaintiffs."[58]

The U.S. contends that a reasonable landowner would have easily discovered in 1994 that the U.S. claimed a 200-foot easement along the Canal.[59] The U.S. offers evidence that during 1993 and 1994, the U.S. Department of the Interior, Bureau of Reclamation (the "Bureau") conducted a survey of the U.S.' 200-foot easement along the Canal and placed six-foot fence posts driven two feet into the ground as boundary markers along the Canal.[60] At the base of each

---

[54] Supporting Memorandum at 2; Opposition Memorandum at *iv*.

[55] Supporting Memorandum at 2; Opposition Memorandum at *iv*.

[56] Opposition Memorandum at 3.

[57] *Mille Lacs Band of Chippewa Indians*, 853 F. Supp. at 1144.

[58] *Vincent Murphy Chevrolet Co. v. United States*, 766 F.2d 449, 452 (10th Cir. 1985)(quoting *Knapp v. United States*, 636 F.2d 279, 283 (10th Cir.1980)).

[59] Supporting Memorandum at 7.

[60] *Id.* at 2.

fence post, the Bureau installed brass-cap survey monuments containing the message "SURVEY POINT CANAL ROW DO NOT DISTURB".[61] The Bureau claims it placed a total of five monuments in the Harvest Ridge Subdivision.[62] The U.S. further sets forth evidence that the creation and interpretation of graphical presentations in a water right application in 1914 and two 2002 easement agreements executed by Loafer Rim's predecessors-in-interest acknowledge the existence of a 93 and 95-foot easement, respectively, in favor of the U.S.[63]

Loafer Rim contends that only the recording of the Notice of Right-of-Way by the U.S. in 2005 could constitute notice of a claim under the Quiet Title Act.[64] Loafer Rim sets forth evidence that the T-posts and the survey markers were not set by the U.S. at the time of the 1993 and 1994 survey, and that when the survey markers did appear they were flush with the ground, making them hardly visible in an undeveloped field.[65]

The preceding disputed facts regarding the U.S.' surveying and boundary-marking of the Property go directly to the jurisdictional question of when Loafer Rim or its predecessors-in-interest knew or should have known of the claim of the U.S. to a 200-foot easement on the property. Clearly, resolving these facts in favor of the U.S. would affect the outcome of the case as Loafer Rim's action would be dismissed. Resolving the factual dispute in favor of Loafer Rim would diminish the strength of the U.S.' claim to a 200-foot easement through the Property. Thus, a genuine issue of material fact exists as to the date upon which Loafer Rim's action against the U.S. accrued and those same facts may establish the extent and nature of the U.S.' claim.

---

[61] *Id.*

[62] *Id.*

[63] Reply Memorandum at 2-3; Supplemental Declaration of Alan S. Christensen at 3, ¶¶ 5-6, attached to Reply Memorandum.

[64] Opposition Memorandum at 3.

[65] Opposition Memorandum at v-viii; Declaration of Jason D. Willes ¶¶ 6-7, docket no. 33, filed January 14, 2009.

*Evidentiary Hearing*

The U.S. asks the court to hold an evidentiary hearing to determine when Loafer Rim's predecessors-in-interest should have known of the U.S.' claim.[66] Because this motion for summary judgment involves a threshold question so intertwined with the ultimate trial issues, this suggestion is declined. These factual issues of notice and the extent of the claim noticed (which will depend on the evidence of the nature and extent of the claim) should be resolved with the presentation of evidence with the protections and safeguards of trial.

*Motion to Strike*

The U.S. filed a motion to strike Paragraphs 14, 15, and Exhibit C from the Declaration of Roger Brinkerhoff filed by Loafer Rim.[67] These paragraphs state:

> 14.     As a result of these actions, Loafer Rim requested the Office of the Property Rights Ombudsman of the State of Utah Department of Commerce for the City of Salem prepare an Advisory Opinion.
> 15.     An Advisory Opinion was issued on April 8, 2008, and which reads in part, "the Notice of Right-of-Way executed and recorded with the Utah County Recorder on November 29, 2005, attempting to establish that the right-of-way is approximately 200 feet wide, is therefore without support. (2) Moreover, it was signed and filed approximately 113 years after the grant of patent (and reservation of right-of-way) that the BoR claims gave rise to the right-of-way. The Notice contains no indication of assent of the property owner to its terms. . . ." *See* Advisory Opinion, attached hereto as Exhibit "C."[68]

The U.S. argues that the Advisory Opinion and the paragraphs cited should be stricken from the record as they "provide no probative evidence regarding whether [Loafer Rim's] predecessor-in-interest had notice of the United States' claim."[69] Loafer Rim argues that the U.S. ignores that the existence of a claim is a prerequisite to the statute-of-limitations

---

[66] Reply Memorandum at 9.

[67] Motion to Strike, docket no. 43, filed February 9, 2009.

[68] Declaration of Roger Brinkerhoff ¶¶ 14-15, docket no. 32, filed January 14, 2009.

[69] Memorandum in Support of Motion to Strike at 2, docket no. 44, filed February 9, 2009.

determination.[70] This court has found that the original 1892 patent reserving an easement to the U.S. for canals along with the subsequent construction of the Canal that runs through the Property was sufficient to constitute a "cloud on title." The Advisory Opinion does not challenge those facts,[71] and it is not now necessary for the court to consider the validity or effect of the 2005 Notice of Right-of-Way recorded with the Utah County Recorder. Further, the court is not inclined to strike every paragraph and exhibit from the record which may be only slightly relevant to the current motion.

## ORDER

IT IS HEREBY ORDERED that the U.S.' motion to dismiss[72] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to strike paragraphs 14, 15, and Exhibit C from the Brinkerhoff declaration[73] is DENIED.

Dated this 19th day of June, 2009.

BY THE COURT:

_____
David Nuffer, U. S. Magistrate Judge

---

[70] Plaintiff's Opposition to Motion to Strike, docket no. 45, filed February 23, 2009.

[71] Exhibit C attached to Declaration of Roger Brinkerhoff.

[72] Motion to Dismiss, docket no. 7, filed November 7, 2009.

[73] Motion to Strike, docket no. 43, filed February 9, 2009.